[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10339
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cr-10004-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANI RICO NODAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 26, 2020)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Armani Nodal appeals a $10,000 restitution award granted to a child-pornography victim following his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  He argues that the district court's restitution order did not properly reflect his causal role in the victim's harm and asks us to remand for a new hearing on the proper restitution amount.  After careful review, we affirm.

We review the amount of restitution awarded in child pornography cases for abuse of discretion.  *United States v. Rothenberg*, 923 F.3d 1309, 1327 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 812 (2020).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of fact."  *Id.*  On review, we give "due deference to the district court's determination" that the relevant legal factors "on the whole, justify the restitution amount awarded."  *Id*. at 1328.  We will not "vacate an award unless left with the definite and firm conviction that the district court committed a clear error of judgment in setting the award amount."  *Id.*  The government must prove the amount by a preponderance of the evidence, but a district court can accept a "reasonable estimate of the loss."  *Id.* at 1337 (quotation marks omitted).

A defendant convicted of a child-pornography crime must pay restitution. 18 U.S.C. § 2259(a), (b)(4)(A).[1]  He must pay the "full amount of the victim's

---

[1] Section 2259 was amended, effective December 7, 2018.  *Rothenberg*, 923 F.3d at 1324

2

losses," which includes the cost of medical and psychological care as well as "any other losses suffered by the victim as a proximate result of the offense." *Id.* § 2259(b)(1), (3). Although the defendant must pay only for the harm that he proximately caused, viewing images proximately causes harm to the depicted victim because it "compound[s]" the harm of the "original abuser's horrific acts." *Rothenberg*, 923 F.3d at 1324–25 (quotation marks omitted).

Once proximate cause is established, a proper restitution amount must "comport[] with the defendant's relative role in the causal process that underlies the victim's general losses." *Paroline v. United States*, 572 U.S. 434, 458 (2014). *Paroline* directs courts to consider the following factors to determine the defendant's relative role in the causal process:

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

---

n.3. Nodal's conduct occurred before that date, so the previous version of § 2259 applies, and the citations to § 2259 in this opinion refer to that previous version. *See United States v. Siegel*, 153 F.3d 1256, 1259-60 (11th Cir. 1998) (explaining that restitution should be calculated based on the law effective at the time of the offense).

3

*Id.* at 460.  Courts should not regard the *Paroline* factors as a "rigid formula," but rather as "rough guideposts" meant to help determine a restitution amount that comports with the defendant's conduct.  *Id.*  Therefore, a district court maintains broad discretion to award restitution that is reasonable under the circumstances. *Rothenberg*, 923 F.3d at 1334.  A district court need not address each *Paroline* factor explicitly so long as it acknowledges that it has generally considered them. *Id.* at 1328.

Finally, a district court is not required to "determine, calculate, or disaggregate" the victim's losses caused by the original creator or other distributors before determining the losses caused by a possessor defendant.  *Id.* at 1333.  The district court can just say that it has considered that a defendant is only a possessor and that the award is based solely on that conduct.  *Id.* at 1334.  But the amount must still be reasonable when considering "the relative size of the defendant's causal role in the entire chain of events that caused the victim's loss."  *Id.* at 1333 (quotation marks omitted).  Finally, we have cautioned against simply dividing the total harm by the number of defendants ordered to pay restitution because doing so will generally not suffice under *Paroline*.  *Id.* at 1335 n.8.

Here, the district court did not abuse its discretion in determining Nodal's role in the causal process leading to the victim's harm and awarding $10,000 in restitution.  Nodal possessed pictures depicting the victim.  In determining the

4

restitution amount, the district court stated that it had considered "the [medical] reports, the [victim's attorney's] letter, the *Paroline* factors, the other case law, the nature and circumstances of the instant offense, the number of pictures involved, that the $10,000 does not seem to be an unreasonable request, and . . . [that] it's in line with other similar restitution amounts that have been awarded under similar circumstances."  The court analyzed the relationship between the restitution payments from other criminal defendants recovered to date and the estimated total damages of $794,118.35.  Thus, giving deference to the district court's determination, we conclude that the district court did not abuse its discretion.

We **AFFIRM** the restitution order.